Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2817 | **DATE** | 10/29/2001 |
| **CASE TITLE** | Flowers vs. Era Unique Real Estate, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and order on defendants Eaglet's Real Estate, Inc and Ethan Flowers motion to dismiss count VI of plaintiff's first amended complaint. Eaglet Real Estate, Inc's and Ethan Flowers' motion to dismiss count VI of the first amended complaint is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ☐ | No notices required, advised in open court. | 6 number of notices | Document Number |
| ☐ | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | OCT 3 0 2001 date docketed | |
| ☐ | Notified counsel by telephone. | | 88 |
| ☐ | Docketing to mail notices. | docketing deputy initials | |
| ☐ | Mail AO 450 form. | 10/29/2001 date mailed notice | |
| ☐ | Copy to judge/magistrate judge. | | |
| SM courtroom deputy's initials | | Date/time received in central Clerk's Office   01 OCT 29 PM 4:48 | SM mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED OCT 30 2001

TONIA FLOWERS,

    Plaintiff,

v.

ERA UNIQUE REAL ESTATE, INC.
d/b/a ERA UNIQUE REALTY, et al.

    Defendants.

Case No. 99 C 2817

Magistrate Judge Ian H. Levin

## MEMORANDUM OPINION AND ORDER

Defendants Eaglet's Real Estate, Inc. ("Eaglet's") and Ethan Flowers ("Flowers") move to dismiss Count VI of Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the court grants Defendants' motion to dismiss.

## BACKGROUND FACTS

In Plaintiff's First Amended Complaint filed against Defendants George and Lenise Johnson (the "Sellers"), ERA Unique Real Estate, Inc. and Shirley Rucker (the Sellers' real estate agents), she asserts that in February, 1998, she entered into a contract to purchase from the Sellers, an apartment building located at 4915-4917 South Calumet Avenue in Chicago, Illinois. First Am. Complt. ¶¶ 2. Plaintiff purchased the apartment building from the Sellers on June 11, 1998. *Id.* ¶ 4. Plaintiff alleges *inter alia* that the Sellers knew that the apartment building contained hazardous lead-based paint but, as required by federal statute (and regulations), failed to disclose this fact either orally or in writing, failed to provide lead hazard information and failed to provide Plaintiff with an

opportunity to conduct a risk assessment for lead hazards. *Id.* ¶ 8. In Count II, Plaintiff alleges that the seller's real estate agents (ERA Unique and Rucker) failed to "ensure compliance" with the required disclosures concerning lead in residential property, as required by federal statute and underlying regulations.

In Count VI of the First Amended Complaint, Plaintiff, the buyer, names the movants, Eaglets and Flowers, as additional defendants, alleging that they were Plaintiff's real estate broker and salesperson, respectively, for the purchase of the apartment building. First Am. Complt., Count VI ¶ 7. Plaintiff alleges that the Residential Lead-Based Hazard Act (the "Act"), 42 U.S.C. 4852d, imposes the same obligations on the buyer's real estate agents, Defendants Eaglets and Flowers, as on the Sellers' real estate agents, because Defendants Eaglets and Flowers were agents within the meaning of the Act and corresponding regulations. *Id.* ¶ 12. Plaintiff, thus, asserts that, as agents under the Act, Defendants Eaglets and Flowers were responsible for ensuring compliance with the Act. *Id.* ¶ 13. For example, Defendants Eaglets and Flowers were responsible for ensuring that Plaintiff receive a lead hazard information pamphlet and a lead hazard disclosure report. *Id.* at ¶¶ 15, 17. Plaintiff also alleges that pursuant to the Act, Defendants Eaglets and Flowers failed to advise her that she had a ten-day period in which to perform an inspection for lead-based paint hazards. *Id.* ¶ 20.

Plaintiff alleges that as a result of Defendants Eaglets and Flowers failure to ensure compliance with the Act's requirements, she not only purchased the property, but was required to expend large sums of money to abate lead-based paint in the apartment building, as well as pay substantial attorneys' fees resulting from a lawsuit. First Am. Complt., Count VI ¶ 29. Plaintiff also alleges the loss of rental income as a result of the lead-based paint. *Id.*

## APPLICABLE STATUTORY PROVISIONS

As is pertinent herein, § 4852d(a)(1) of the Residential Lead-Based Paint Hazard Act provides that regulations shall be promulgated under the Act and that:

> "The regulations shall require that, before the purchaser . . . is obligated under any contract to purchase . . . the housing, the *seller* . . . *shall* [perform certain specified acts]." (emphasis added.)

Section 4852d(a)(4) of the Act, entitled "compliance assurance," pertinently provides:

> "Whenever a seller . . . has entered into a contract with an agent for the purpose of selling . . . a unit of target housing, the regulations promulgated under this section shall require the *agent, on behalf of the seller* . . . , *to ensure compliance* with the requirements of this section." (emphasis added.)

## LEGAL STANDARD

The purpose of a motion to dismiss is to test the sufficiency of the complaint, and not to decide it merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Courts read complaints liberally and a motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, the district court must treat all well-pleaded allegations as being true and draw all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 530 U.S. 1244, 120 S.Ct. 2691, 147 L.Ed.2d 962 (2000). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## ANALYSIS

3

Defendants Eaglets and Flowers threshold dismissal argument is that they are not subject to the Act's requirements because a buyer's agent or real estate broker is not required to make lead-based paint hazard disclosures or ensure compliance with the Act's provisions. Def.'s Mot. at 3-4. Instead, Defendants argue that the Act solely imposes a duty to disclose lead-based paint hazards on the seller or their real estate agent(s). 42 U.S.C. § 4852(a)(1). *Id.* at 4. Defendants Eaglets and Flowers, therefore, maintain that because they are the buyer's real estate broker and agent, respectively, they have no duty to ensure that the Sellers complied with the Act's requirements. *Id.*

Conversely, Plaintiff argues that Defendants Eaglets and Flowers have a duty to disclose lead-based paint hazards and ensure that the Act's requirements are met. Pl.'s Resp. at 1. Plaintiff first asserts that because Defendants Eaglets and Flowers received their compensation by sharing in the commission received by Defendants ERA Unique and/or Shirley Rucker (the seller's agents and/or broker), they are agents within the meaning of the Act. *Id.* at 1-2. Plaintiff further asserts that buyers' agents who are compensated through the commission paid by the seller is specifically set forth in the Act's regulatory history. *Id.* at 3. Plaintiff, therefore, contends that because Defendant Eaglets arguably had a commission sharing arrangement with sellers' agents, Defendants are agents within the meaning of the Act. *Id.* at 5.

As is pertinent here, the Act, as can be seen, expressly places the obligation to make lead-based paint disclosures on the "seller" of the subject property. 42 U.S.C. § 4852d(a)(1). When a seller enters into a contract to list property for sale with a real estate broker or agent, the Act explicitly dictates that the regulations promulgated thereunder shall require the "agent, on behalf of the seller" to "ensure compliance" with the disclosure requirements of the Act. 42 U.S.C. § 4852d(a)(4). The Act does *not* place any duty on a buyer's real estate broker or agent to ensure

4

compliance with the Act.[1]

Plaintiff correctly points out that the regulatory history (61 F.R. 9064, 9069) and regulation 24 C.F.R. § 35.86 indicate that a buyer's agent, when paid by a seller's agent through a cooperative brokerage agreement, is responsible for ensuring compliance under the Act. However, respectfully, it is well settled that the court "[m]ust reject administrative constructions of the statute . . . that are inconsistent with the statutory mandate . . ." *Chemical Manufacturers Association, et al. v. National Resources Defense Council, Inc. et al.*, 470 U.S. 116, 151-52, 105 S.Ct. 1102, 1120-1121, 84 L.Ed.2d 90 (1985) (*quoting FEC v. Democratic Senatorial Campaign Committee*, 454 U.S. 27, 31, 102 S.Ct. 38, 41-42, 70 L.Ed.2d 23 (1981)). As seen, the clear statutory mandate under the subject Act is to impose responsibility to ensure compliance *solely* on the seller's real estate agent and *not* on the buyer's agent. The Plaintiff's cited administrative construction, therefore, must be rejected.[2]

---

[1] Plaintiff specifically alleges that Defendants were the buyer's real estate broker and agent in the subject transaction. (Count VI, ¶ 9).

[2] Also, in order for a court to determine whether a federal statute impliedly creates a private right of action, it must consider congressional intent. *Central Illinois Savings & Loan Assoc. v. DuPage County Bank of Glendale*, 622 F.Supp. 1493, 1498 (N.D. Ill. 1985). In *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 535, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984), the Court identified those factors that must be considered as it relates to legislative intent:

> The intent may in turn be discerned by examining a number of factors, including the legislative history and purposes of the statute, the identify of the class for whose particular benefit the statute was passed, the existence of express statutory remedies adequate to serve the legislative purpose, and the traditional role of the states in affording the relief claims. (citations omitted.)

It is clear that, as is pertinent here, the purpose of the subject Act is to impose responsibility for the Act's compliance directly and singly on the seller's agent(s). And no legislative history to the contrary has been cited.

## CONCLUSION[3]

In view of the foregoing, Defendants' motion to dismiss Count VI of the First Amended Complaint is granted with prejudice.

ENTER:

*[signature: Ian H. Levin]*

IAN H. LEVIN
United States Magistrate Judge

Dated: October 29, 2001

---

[3] In light of our holding herein, the court finds it unnecessary to consider Defendants' alternative contention that Plaintiff has not properly plead a knowing violation of the subject Act.