Minute Order Form (06/9 )

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2817 | **DATE** | 10/28/2002 |
| **CASE TITLE** | Flowers vs. ERA Unique Real Estate Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/11/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and order. Defendants Era Unique Real Estate Inc and Shirley Rucker's motion to dismiss count III of second amended complaint is denied. Defendants are to answer count III of second amended complaint by 11/22/02.**
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 29 2002 | |
| | Notified counsel by telephone. | | date docketed | 101 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/28/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SM | courtroom deputy's initials | | SM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TONIA FLOWERS,

    Plaintiff,

v.

ERA UNIQUE REAL ESTATE, INC.
d/b/a ERA UNIQUE REALTY, SHIRLEY
RUCKER, GEORGE JOHNSON, and
LENISE JOHNSON a/k/a LENISE HUDSON,

    Defendants.

Case No. 99 C 2817

Magistrate Judge Ian H. Levin

## MEMORANDUM OPINION AND ORDER

Defendants ERA Unique Real Estate, Inc. and Shirley Rucker ("Defendants") move to dismiss Count III of Plaintiff's Second Amended Complaint (alleging negligent misrepresentation) for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P.12(b)(6). For the reasons set forth below, the Court denies Defendants' motion to dismiss.

## BACKGROUND FACTS

Plaintiff purchased an apartment building located at 4915-4917 South Calumet Avenue in Chicago, Illinois on June 11, 1998 from Defendants George and Lenise Johnson (the "Sellers"). (2nd Am. Complt., Count I ¶¶ 2, 4.) The gravamen of Plaintiff's Second Amended Complaint is that in violation of Section 4852d(a) of the Residential Lead-Based Paint Hazard Act (42 U.S.C. § 4852d(a)) the Sellers, and the Defendants who are the subject of the instant motion, knew that the apartment building contained hazardous lead-based paint, but in contravention of the federal statute and regulatory requirements, they failed to disclose this fact to her. (*Id.* ¶ 8.) Plaintiff further

101

complains that *inter alia* the Sellers failed to provide the required lead hazard information pamphlet, permit Plaintiff a ten-day period by which to conduct a risk assessment (or inspect for the presence of lead-based paint hazards) and include a "Lead Warning Statement" in the sales contract. (*Id.*) Consequently, as a proximate result, Plaintiff was sued by the City of Chicago for building code violations and was required to expend large sums of money for attorneys' fees and to correct building code violations. (*Id.* ¶ 9.) Moreover, in the future, Plaintiff will be required to expend substantial sums of money to remove and replace lead-based paint from the apartment building, and furthermore, Plaintiff alleges that she has lost and will continue to lose rental income. (*Id.*)

Specifically, with regard to Count III (negligent misrepresentation), Plaintiff alleges that Defendants (ERA Unique Real Estate, Inc. and Shirley Rucker) knew or should have known that the apartment building at issue in the case contained hazardous lead-based paint. (2nd Am. Complt., Count III ¶ 8.) Plaintiff, therefore, contends that these Defendants had a duty to disclose the existence of lead-based paint to her and consequently, because they carelessly and negligently failed to do so, they are liable for negligent misrepresentation. (*Id.* ¶¶ 9, 10.)

## LEGAL STANDARD

The purpose of a motion to dismiss is to test the sufficiency of the complaint, and not to decide the complaint's merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Courts read complaints liberally and a motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, the district court must treat all well-pleaded allegations as being true and draw all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d

2

839, 845 (7th Cir. 1999), *cert. denied,* 530 U.S. 1244, 120 S.Ct. 2691, 147 L.Ed.2d 962 (2000). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## ARGUMENTS

Defendants move to dismiss Count III of the Second Amended Complaint asserting that Count III does not allege that ERA Unique Real Estate, Inc. and Shirley Rucker knew of the existence of hazardous lead-based paint. (Defs.' Mem. at 3; Defs.' Reply at 2.) Specifically, Defendants request a dismissal order because, even considering notice pleading standards, there is no allegation by Plaintiff that Defendants ERA Unique Real Estate, Inc. and Shirley Rucker had any knowledge that the representations made by the Sellers (George and Lenise Johnson) were false. (Defs.' Reply at 2.) Therefore, Defendants assert that because Plaintiff merely alleges that ERA Unique Real Estate, Inc., and George and Lenise Johnson "knew or should have known" about the existence of the lead-based paint (and does not allege false statement or fraudulent concealment on the part of Defendants), she has failed to state a cause of action for negligent misrepresentation because under Illinois law a realtor does not have a duty to independently substantiate a seller's representations unless the realtor is aware of facts that indicate a representation is false. (Defs.' Mem. at 3-4; Defs.' Reply at 2-3; 2nd Am. Complt., Count III, ¶ 8.)

Plaintiff, on the other hand, contends that the basis of Count III is that Defendants ERA Unique Real Estate, Inc. and Shirley Rucker negligently failed to disclose the latent defect of the hazardous lead-based paint in the apartment building at issue in the case. (Pl.'s Resp. at 1.) Specifically, Plaintiff asserts that Illinois case law recognizes that a seller's real estate broker, or

3

agent can be liable for negligent misrepresentation for failing to disclose a latent defect to the buyer, if the real estate broker or agent knew, or should have known, of the defect. (*Id.* at 1-2.) Thus, Plaintiff asserts that "knew, or should have known" has always been the standard for negligence. (*Id.* at 2.) Furthermore, Plaintiff contends that the meaning of "should have known" is "a matter of jury instructions" and not the basis for a motion to dismiss. (*Id.*) Therefore, Plaintiff asserts that she has satisfied the federal notice pleading requirements and is not subject to the more stringent fact pleading requirements under Illinois state law. (*Id.* at 1-3.)

## ANALYSIS

Initially: in reality, Defendants do no move to dismiss the Count III allegation that the Defendants "knew" that the subject building contained lead-based paint at the time of the sale concerned. As discussed, Defendants only challenge the portion of Count III which alternatively alleges that the Defendants "should have known" of the buildings lead-based paint.

It is disputed that to state a cause of action for negligent misrepresentation under Illinois law, the complaint must allege a duty to plaintiff, a breach of the duty and injury proximately resulting from such a breach. *Harkala v. Wildwood Realty, Inc.*, 200 Ill.App.3d 447, 456, 146 Ill.Dec. 232, 558 N.E.2d 195 (1990). As Defendants acknowledge, realtors have a duty to disclose material facts under the Real Estate License Act. 225 ILCS 454. Real estate brokers and salespersons occupy a position of trust with respect to purchasers with whom they are negotiating and owe a duty to exercise good faith in their dealing with such purchasers even absent the existence of an agency relationship. *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill.2d 379, 432 N.E.2d 849 (1982); *Richmond v. Blair*, 142 Ill.App.3d 251, 488 N.E.2d 563 (1985).

Specifically, the Court finds that a seller's real estate broker, or agent, can be liable, in

4

Illinois, for negligent misrepresentation for failing to disclose a latent defect to the buyer, if the real estate broker or agent "knew of should have known" of the latent defect.[1] *See Lyons v. Christ Episcopal Church,* 71 Ill.App.3d 257, 260, 27 Ill.Dec. 559, 389 N.E.2d 623 (1979).

## CONCLUSION

In view of the foregoing, Defendants' motion to dismiss Count III of the Second Amended Complaint is denied.

ENTER:

*[signature]*

IAN H. LEVIN
**United States Magistrate Judge**

Dated: October 28, 2002

---

[1] Both sides cite *Zimmerman v. Northfield Real Estate, Inc.,* 156 Ill.App.3d 154, 109 Ill.Dec.541, 510 N.E.2d 409 (1986). However, that case did not, on its facts, involve or address the precise issue involved herein.

5